```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

JOSEPH KENNEDY,                          )
                                         )
          Plaintiff,                     )
                                         )
     vs.                                 )    No. 4:07CV1219-DJS
                                         )
DART ADVANTAGE WAREHOUSING, INC.         )
and DART TRANSIT COMPANY,                )
                                         )
          Defendants.                    )

## ORDER

By his first amended complaint, plaintiff seeks damages for injuries he allegedly incurred as a business invitee at defendants' warehouse. The complaint alleges that William Hamilton was the warehouse facility's manager, and that Hamilton's negligence caused plaintiff's injuries. At his deposition on July 2, 2008, Hamilton was questioned about the events on the day of plaintiff's injuries, and particularly about his and plaintiff's roles in the movement of the oversized tires, one of which allegedly fell on plaintiff. On February 17, 2009, Hamilton signed an errata sheet asserting that, on page 36 at line 2 of the deposition transcript, the words "I lifted one tire," should be changed to read "he lifted one tire." Now before the Court is plaintiff's motion to strike William Hamilton's errata sheet.

The motion complains that the allegation of error in the deposition transcript was untimely made some 7 months after the

transcript was provided to defendants' counsel.  Plaintiff submits the affidavit of the court reporter in support of the transcript's accuracy, and argues that permitting Hamilton to belatedly change his testimony would prejudice plaintiff.  In response, defendants represent that the error was overlooked in their and Hamilton's initial review of the transcript, and argue that the contextual evidence within the testimony supports Hamilton's assertion of error.  Defendants further contend that consideration of prejudice favors their side, in that they would be "highly prejudiced if Plaintiff were permitted to use a portion of a witness's testimony, transcribed incorrectly, out of context,...as evidence in the case."  Def. Response [Doc. #36], p.2, ¶7.

The parties fail to cite any authority applicable to the issue presented, and appear to have overlooked the clear application of Fed.R.Civ.P. 30(e).  Review of and changes to deposition transcripts are provided for in that provision:

> **(e) REVIEW BY THE WITNESS; CHANGES.**
>
> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

> (2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1)[1] whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

The entire deposition transcript has not been filed and so is not before the Court to show the application of this rule in Hamilton's deposition. Plaintiff's Exhibits A and D, however, are the court reporter's affidavit and her letter to defense counsel on or about July 14, 2008, referencing the transcript and the errata sheets provided therewith, requesting notation of any corrections, and directing the return of such errata sheets to plaintiff's counsel. These suggest that the request for right of review provided for in Rule 30(e)(1) was made.

Errata sheets untimely proffered are properly stricken. <u>Welch v. Mercer University</u>, 304 Fed.Appx. 834, 838 (11th Cir. 2008) (per curiam); <u>Gamez-Morales v. Pacific Northwest Renal Services</u>, 304 Fed.Appx. 572, 574 (9th Cir. 2008). Defendants' response to the motion acknowledges that the errata sheet was completed more than seven months after the deposition. Def. Response [Doc. #36], p.1, ¶1. Defendants do not dispute that the transcript was promptly provided to defense counsel. The errata sheet is dated well beyond the 30-day period provided for in Rule 30(e). Issues

---

[1] Subsection (f)(1) of the rule requires the court reporter's certification of the deposition transcript: "The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition."

3

of prejudice and excusable neglect do not appear to be relevant to the application of the provision.  Nor does the Court undertake a determination as to the accuracy of the belatedly challenged wording in the transcript.  "Rule 30(e) does not provide any exceptions to its requirements."  Reed v. Hernandez, 114 Fed.Appx. 609, 611 (5th Cir. 2004) (per curiam).  Because the errata sheet was untimely, it will be stricken.

For the foregoing reasons, and upon careful consideration,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike William Hamilton's deposition errata sheet submitted February 17, 2009 [Doc. #35] is granted.


Dated this ___23rd___ day of April, 2009.


                                    /s/Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE